UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

RONALDO S. LIGONS,

Plaintiff,

v.

Lt. MARK KROLL,
and DAVID CRIST, et al.,

Defendants.

---

Civil No. 00-818 (DSD/JGL)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on April 3, 2000, by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not pay the $150 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia,

FILED 6/5/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff did not submit any initial partial filing fee with his IFP application, however, and that omission was called to his attention by the Court's order of April 13, 2000. (Docket No. 7.) By that order, Plaintiff was given thirty (30) days to pay his initial partial filing fee, which the Court determined to be $8.59. The order also expressly advised Plaintiff that if he failed to pay the prescribed filing fee within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was to pay his initial partial filing fee has now passed and he has tendered no fee payment whatsoever. He has, however, submitted a pair of documents in which he seems to indicate that he would like to amend his complaint in this action. (Docket Nos. 8 and 9.) In one of those documents, (Docket No. 8), he appears to be contending that he should not have to pay any filing fee at all in this case.

As noted in the Court's prior order, however, Congress has clearly decreed that prisoners should not be allowed to avoid the federal court filing fee altogether. Even where a prisoner is indigent, (as the instant Plaintiff claims to be), he still must pay the full $150 fee. 28 U.S.C. § 1915(b)(1). If a prisoner financially eligible for IFP status, (i.e., if he is indigent), he will be allowed to pay the filing fee in installments; but he can never be excused from paying the fee altogether. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time") (emphasis added).

See also Murray v. Dosal, 150 F.3d 814 (8th Cir. 1998) cert. denied, 119 S.Ct. 1467 (1999).

Furthermore, the Court has already determined that Plaintiff is not wholly destitute, and thus he cannot be excused from paying the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4).[1] (See Order dated April 13, 2000, p. 3, n. 1.) Nothing in Plaintiff's latest submissions casts any doubt on the validity of that previous determination. Indeed, Plaintiff has confirmed that there have been various deposits to his prisoner trust account during the past six months, and that he has chosen to use those funds for purposes other than the payment of his initial partial filing fee. (Plaintiff's "Motion For Summary Judgment [etc.]", Docket No. 8, p. 2.) Thus, the Court once again specifically determines that Plaintiff cannot rely on § 1915(b)(4) to excuse him from paying his initial partial filing fee. See Murray, 150 F.3d at 818 ("'[i]f a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, 'he has demonstrated an implied evaluation of that suit' that the courts should be entitled to honor'"), quoting Roller v. Gunn, 107 F.3d 227, 233 (4th Cir.) (internal citation omitted), cert. denied, 522 U.S. 874 (1997).

In sum, the Court's prior order explained to Plaintiff, fully and clearly, that (1) he could not be excused from paying the statutory filing fee for this action, and (2) he would have to pay an initial partial filing fee of $8.59, (with the balance to be paid in installments[2]), if he wanted to pursue the claims set forth in his complaint. Plaintiff's

[1] 28 U.S.C. § 1915(b)(4) states that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

[2] See 28 U.S.C. § 1915(b)(2).

unwillingness to tender his initial partial filing fee must be viewed as a deliberate refusal to comply with the Court's prior order. Therefore, as portended by that prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[3]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket Nos. 2), be **DENIED**;

2. Plaintiff's motions for summary judgment, (Docket Nos. 5 and 8), motions for injunctive relief, (Docket Nos. 4 and 8), and motions for waiver of filing fees, (Docket Nos. 3 and 8), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 5, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

[3] Having determined that this action should be dismissed, it follows that all of Plaintiff's various pending collateral motions -- i.e., the two motions for summary judgment, (Docket Nos. 5 and 8), the motions for injunctive relief, (Docket Nos. 4 and 8), and the motions for waiver of filing fees, (Docket Nos. 3 and 8) -- should be summarily denied.

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 22, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.